UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GUS REDDING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOC, LLC,<br><br>　　　　Defendant. | Case No. 2:19-cv-00412-JCM-EJY<br><br>**ORDER** |

Before the Court is Defendant's Motion to Compel Discovery, for Fees and Costs, and Motion to Extend Discovery (Second Request). ECF No. 38. The Court has reviewed Defendant's Motion, Plaintiffs' Opposition (ECF No. 40), and Defendant's Reply (ECF No. 43). The Court also held a lengthy hearing on June 30, 2020 (the "Hearing") regarding Defendant's Motion to Compel through which the Court resolved some of the issues presented therein. The transcript of the proceeding is the Court's Order with respect to Defendant's Interrogatory Nos. 18 and 20, and Request for Production No. 30.[1] At the conclusion of the Hearing, Plaintiff was ordered to gather certain information after which the parties were to meet and confer regarding Defendant's Requests for Production Nos. 4 and 5. The parties were also ordered to present a revised discovery plan and scheduling order, if one could be agreed upon. If the parties could not agree, the parties were ordered to submit their respective positions to the Court on or before July 14, 2020. The Court has before it the Joint Status Report it ordered. (ECF No. 54).

As represented in the Joint Status Report, Plaintiff disclosed the electronic platforms on which he and Ms. Glover (who has an EEOC Charge pending against Defendant) communicated.[2] Specifically, Plaintiff identified text messaging as his "primary mode of written communications" with Ms. Glover. *Id.* at 2. However, messages dating back more than 30 days are not stored on Plaintiff's phone. Thus, the parties agree that a subpoena to the telecommunications provider

---

[1]　Defendant's Motion as to these discovery requests was granted in part and denied in part.
[2]　Plaintiff and Ms. Glover live together and are raising children together.

(AT&T) will be required to obtain additional text messages. *Id*. at 3 and 4. Despite this agreement, three disputes remain regarding disclosure of Plaintiff's electronic communications with Ms. Glover. These include: (1) who should first review the response to the subpoena; (2) whether the current dates for the depositions for Plaintiff and Ms. Glover should be vacated; and, (3) whether there should be an extension of discovery deadlines.

Plaintiff states that his counsel should "be permitted first review" of documents produced by AT&T. Plaintiff further states that he does not object to an extension of discovery; however, he contends that his deposition and the deposition of Ms. Glover, scheduled for the week of July 20, 2020, should proceed as planned. Plaintiff agrees that "both witnesses" may be "re-deposed as to any documents later recovered through subpoenas … ." *Id*. at 4-5.

Defendant argues that an extension of discovery is proper to allow for: (1) the production of AT&T documents responsive to Defendant's Requests for Production 4 and 5; (2) potential review of these documents by the Court or a special master; and, (3) the depositions of Plaintiff and Ms. Glover after the documents produced pursuant to Requests Nos. 4 and 5 occurs, and after the "subpoena issued to a movie production company for records relating to Plaintiff" has been returned. *Id*. at 3. Defendant states that it is inefficient to depose Plaintiff and Ms. Glover twice. Defendant proposes new scheduling deadlines including a discovery cutoff date of October 15, 2020, a disposition motion deadline of November 16, 2020, and a pretrial order due date of December 15, 2020. *Id*. at 4.

This Order addresses Defendant's Request for Production Nos. 4 and 5, the extension of dates in the discovery plan and scheduling order, and the scheduling of Plaintiff's and Ms. Glover's depositions. The Court's understanding is that, together with the orders entered on June 30, 2020, the parties resolved all other outstanding discovery issues raised by Defendant in its Motion to Compel (ECF No. 38).

## DISCUSSION

Defendant's Requests for Production No. 4 states:

> Documents that either directly or indirectly reference, concern, reflect or relate to any communications you have had with Jennifer Glover regarding the allegations in the Complaint, including without limitation, emails,

2

> correspondence, text messages, instant messages, social media comments/ conversations (including, but not limited to, comments/conversations shared through Facebook, Tumblr, Twitter, Snapchat, Instagram, and LinkedIn), voicemails, photos exchanged, or facsimiles.

Defendant's Request No. 5 states:

> Documents that either directly or indirectly reference, concern, reflect or relate to any communications you have had with Jennifer Glover regarding the allegations in Jennifer Glover's Charge, including without limitation, emails, correspondence, text messages, instant messages, social media comments/conversations (including, but not limited to, comments/conversations shared through Facebook, Tumblr, Twitter, Snapchat, Instagram, and LinkedIn), voicemails, photos exchanged, or facsimiles.

The parties agree that a subpoena directed to AT&T is required to obtain the universe of documents potentially responsive to Defendant's document requests; however, the parties disagree regarding who should review those documents for potential privilege. Depending on the size of the production, the Court previously offered to review the documents itself or appoint a special master to make preliminary privilege determinations. Defendant continues to agree with this option. Plaintiff states he (through his counsel) should first review the documents.

  As was true at the Hearing, the Court remains without sufficient information to determine how many documents may be received from AT&T in response to a subpoena that are, potentially, relevant to the issues in this case. While it is true the Court may appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district," (Fed. R. Civ. P. 53(a)(1)(C)), the Court finds it is premature to do so as it is unclear whether a special master is needed to effectively and efficiently review documents received from AT&T.

  The Court further finds that it is the party asserting privilege that has the burden of demonstrating a privilege properly applies. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (quoting *United States v. Bauer,* 132 F.3d 504, 507 (9th Cir. 1997) ("a party asserting the attorney-client privilege has the burden of establishing the [existence of an attorney-client] relationship *and* the privileged nature of the communication"); *Murphy v. Kmart Corp.*, 259 F.R.D. 421, 428 (D. S. Dakota 2009) ("The party asserting the work product privilege to resist disclosure

3

bears the burden of providing a factual basis for asserting the privilege."); *FSP Stallion 1, LLC v. Luce*, Case No. 2:08-cv-1155-PMP-PAL, 2010 WL 3895914, at *9 (D. Nev. Sept. 30, 2010) ("[a]s the parties asserting [the common interest] privilege, the Defendants bear the burden of establishing that the documents are actually privileged").[3]

Given that it is premature to appoint a special master, that Plaintiff bears the burden of establishing privilege, and there is no basis for the Court to conclude that Plaintiff will fail to properly review all documents, produce all non-privileged relevant documents, and provide a fully compliant privilege log, it is efficient and appropriate to allow Plaintiff first review of the documents received from AT&T. However, Plaintiff is required to do so promptly. And, Plaintiff is required to produce a fully compliant privilege log pertaining to any documents withheld by Defendant. If, however, upon receipt of the documents from AT&T, Plaintiff's counsel finds the number of documents to be reviewed is so voluminous that review cannot be accomplished efficiently, Plaintiff must immediately notify the Court so that a special master may be appointed. Further, Defendant shall be entitled to challenge the designation of any withheld document and, after consultation with Plaintiff, shall also be entitled to seek either the appointment of a special master to review documents withheld or seek the Court's assistance in reviewing the documents. Should the Court determine that Plaintiff's claims of privilege and Defendant's challenges to claims of privilege pertain to a large number of documents, the Court may, *sua sponte*, reconsider appointment of a special master.

The above process is going to take time. So too will it take some time for Defendant to obtain a response from the movie company from which documents are sought. Under these circumstances, and without sufficient information to know the volume of documents that may be produced or the substance of any document over which privilege may be claimed, there is good reason to grant

---

[3] The common interest privilege protects a communication made when a non-party sharing the client's interest is a party to a confidential communication between attorney and client. *In re Mortgage & Realty Trust*, 212 B.R. 649, 652 (C.D. Cal. 1997) (citation omitted). The common interest privilege is an exception to the waiver rule when the parties sharing the communication are engaged in a discussion of common interest. This privilege is a vital and important part of a client's right to representation by counsel. *Id*. citing *Continental Oil Co. v. United States*, 330 F.2d 347, 350 (9th Cir. 1964). The common interest privilege applies where (1) the communication was made by separate parties in the course of a matter of common interest, (2) the communication was designed to further that effort, and (3) the privilege has not been waived. *Id*. citing *In re Bevill, Bresler & Schulman Asset Management Corp.*, 805 F.2d 120, 126 (3d Cir. 1986); *Griffith v. Davis*, 161 F.R.D. 687, 692 (C.D. Cal. 1995). At this juncture, the Court has made no determination regarding whether the common interest privilege may protect communications between Plaintiff and Ms. Glover.

4

Defendant's request to vacate the deposition dates set for Plaintiff and Ms. Glover. There is also good cause to extend discovery deadlines. Requiring Defendant to depose the named Plaintiff and a key witness twice is the antithesis of efficiency.

**ORDER**

Accordingly, and based on the above together with arguments made before the Court on June 30, 2020,

IT IS HEREBY ORDERED that Defendant's Motion to Compel Discovery, for Fees and Costs, and Motion to Extend Discovery (Second Request), ECF No. 38, is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that, in addition to those portions of Defendant's Motion decided at the June 30, 2020 hearing, the Court grants Defendant's Motion seeking to compel documents responsive to Defendant's Requests for Production Nos. 4 and 5, as stated above in this Order.

IT IS FURTHER ORDERED that, the parties agrees that Defendant, if it has not already done so, shall subpoena AT&T for documents consistent with Requests to Produce Nos. 4 and 5.

IT IS FURTHER ORDERED that upon receipt of the response to the subpoena, Defendant shall be entitled to determine the number of pages produced by AT&T along with other broad indicia of the content (*e.g.*, the date range covered by the production) such that Defendant has a general, good sense of the scope (albeit not the content) of what was produced. Defendant shall not retain copies of the documents produced by AT&T.

IT IS FURTHER ORDERED that Defendant shall, within three calendars days of receipt of the document from AT&T, transmit the same to Plaintiff for review by Plaintiff's Counsel.

IT IS FURTHER ORDERED that Plaintiff shall review all documents received from AT&T for purposes of identifying responsive non-privileged documents, documents that Plaintiff claims are irrelevant to the issues in these proceedings, and all documents responsive but for which a privilege is claimed. Plaintiff shall ensure he retains a copy of **all** documents received, irrespective of a claim of irrelevancy or privilege. This will allow the Court or special master, if appointed, to review the entirety of the documents produced by AT&T.

IT IS FURTHER ORDERED that within 15 days of receipt of the documents from AT&T, Plaintiff shall produce to Defendant all relevant documents responsive to Requests for Production Nos. 4 and 5 that Plaintiff does not claim are privileged, as well as a compliant privilege log for all responsive documents withheld based on privilege.

IT IS FURTHER ORDERED that the parties shall meet and confer regarding any dispute pertaining to the claims of privilege within seven days of Defendant's receipt of Plaintiff's privilege log.  To the extent agreement cannot be reached, the parties shall each be entitled to file a brief with the Court addressing (1) the number of documents withheld and whether a special master is needed to review the documents, and (2) their respective positions on the privileges asserted.  The briefs shall be filed no later than 10 days after the period to meet and confer expires.  The parties must address, *inter alia*, what law (state or federal) applies to the common interest doctrine analysis in this case, and provide a concise argument in support of their respective positions.  The briefs are limited to 12 pages each (excluding the cover and service pages), plus exhibits.  For purposes of this briefing, Plaintiff shall be entitled to file any document for which privilege is claimed under seal.

IT IS FURTHER ORDERED that Plaintiff's and Ms. Glover's depositions set for the week of July 20, 2020 are VACATED.

IT IS FURTHER ORDERED that the discovery extension proposed by Defendant at ECF NO. 54, at 4, is adopted by the Court.

IT IS FURTHER OREDERED that Defendant's request for fees and costs is DENIED.

Dated this 15th day of July, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE